IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MYRON "MICHAEL" ANSON and CHRIS ANSON, | ) ) ) | CASE NO: |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **COMPLAINT** |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

COMES NOW the Plaintiff and alleges as follows:

## ALLEGATIONS

1) PARTIES

   a) Plaintiff Myron "Michael" Anson is a resident of Clearwater, Nebraska.

   b) Defendant, United States of America is a governmental entity, and was doing business at all times mentioned herein as the Veterans Affairs Medical Center in Omaha, Nebraska. At all times relevant, Defendant acted through its employees and agents of Veterans Affairs Medical Center (hereinafter referred to as VAMC).

2) JURISDICTION

   a) The acts and omissions alleged in this complaint occurred in Omaha, Douglas County, Nebraska.

   b) The action arises under the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671-2680. This Court has jurisdiction under the provisions of 28 U.S.C. § 1346(b).

   c) As required by FTCA, a claim relating to the acts and omissions herein set

forth was filed with the United States on or about July 18, 2005. Thereafter, the Defendant by and through J. Patrick Wiese, Regional Counsel for the Department of Veterans Affairs in a letter dated April 6, 2007, denied said claim of Plaintiffs. A copy of said claim and denial of said claim are attached hereto and incorporated herein by reference.

### FIRST CAUSE OF ACTION

COME NOW the Plaintiffs and for their first cause of action against the Defendant allege and state as follows:

1) Plaintiffs incorporate Paragraphs 1 and 2 and their subparts as set forth above as the same as though each were set forth herein in their entirety.

2) On or about July 30, 2004, Plaintiff Myron Anson presented to VAMC for chemotherapy for the treatment of Non Hodgkins Lymphoma. The scheduled appointment was in the VAMC Hospital in Omaha, Douglas County, Nebraska and was the first planned administration of chemotherapy to Plaintiff Myron Anson. Prior to his appointment for chemotherapy, Plaintiff Myron Anson had a port surgically implanted in his upper left chest for infusion of chemotherapy agents. After that surgery, physicians and other personnel of VAMC failed to inspect and determine if the port was in proper working condition and if it was properly placed for infusion of chemotherapy agents.

3) A nurse employed by Defendant and assigned to administer the chemotherapy to Plaintiff Myron Anson made several unsuccessful attempts at placing the chemo lines into Plaintiff Myron Anson's port. In frustration, that nurse finally with great force placed the end of the line into the port in a place and position where it did not

    allow the chemotherapy agents to flow into the blood vessel, but rather it allowed the chemotherapy agents to diffuse into Plaintiff Myron Anson's tissues outside of the port.  Said nurse failed to verify the proper placement of said line into Plaintiff Myron Anson's port and failed to verify that the port was properly placed by verifying a blood return through the port into the lines.  Although said nurse did not receive a blood return into the line going into the port, she proceeded with the infusion of chemotherapy agents anyway.  Plaintiff Myron Anson's treating physician, said nurse, and all other VAMC personnel thereafter left the room of Plaintiff Myron Anson without supervising and monitoring the infusion of chemotherapy agents.  Within minutes Plaintiff Myron Anson began to experience symptoms of burning around the site of the port and very bad pain.  After approximately 1 ½ to 2 hours later, Plaintiff Myron Anson was experiencing much more excruciating pain and burning.  Plaintiff Chris Anson, Myron Anson's wife, attempted to locate the nurse who placed the line and also Plaintiff Myron Anson's treating physician, Dr. Taddeucci.  After some length of time, said nurse entered Plaintiff Myron Anson's room , noticed his symptoms and terminated the chemotherapy immediately.  In the hours, days, and weeks following this incident, Plaintiff Myron Anson suffered a great deal of pain on his left side and was informed by physicians that the chemotherapy drugs had infused into his tissues around the port site, into his neck, face, shoulder, and arm on the left side.

4)    At all times mentioned material herein, VAMC, owed Plaintiff Myron Anson a duty of reasonable care to use the skill and knowledge ordinarily possessed by other medical professionals in good standing in the medical profession as that duty

existed in Omaha, Nebraska. The proximate cause of the aforesaid injuries was the negligence of the Defendant by and through employees of VAMC, in treating Plaintiff Myron Anson as described herein in a manner that fell below the reasonable medical standards of care in Omaha, Nebraska.

5) As a proximate result of the conduct of Defendant as aforesaid, Plaintiff Myron Anson has suffered severe pain on the left side of his face, neck, trunk area, shoulder and arm with significant loss of use to his left shoulder and arm. These injuries and symptoms are permanent.

6) As a further direct and proximate result of the negligence of Defendant as aforesaid, Plaintiff Myron Anson has suffered severe disability including, but not limited to, physical limitations, emotional trauma, depression, loss of enjoyment of life, and he has sustained injuries that have caused continual excruciating pain and suffering all of which would otherwise have not occurred had the Defendant and its agents and employees properly treated Plaintiff in the administration of chemotherapy.

7) As a further direct and proximate result of the negligence of Defendant, Plaintiff Myron Anson has been unable to work and has lost wages to date in the sum of $99,166.00 and will continue to lose wages into the future in that he is now totally disabled.

8) As a further direct and proximate result of the negligence of Defendant as aforesaid, Plaintiff Myron Anson has incurred medical bills in an amount yet to be determined in that the Defendant has paid those bills, and Plaintiffs will incur medical expenses into the future.

WHEREFORE, Plaintiff Myron Anson prays for judgment against the Defendant for

general damages on account of physical limitations, emotional trauma, for past and future lost wages, for past and future medical expenses, for loss of enjoyment of life, and for past and future pain and suffering.

## SECOND CAUSE OF ACTION

COME NOW the Plaintiffs and for their second cause of action against the Defendant alleges and states as follows:

9) Plaintiffs incorporate the allegations of paragraphs 1 through 10 and their subparts the same as though each were set forth herein in their entirety.

10) Plaintiffs allege that the limit on medical malpractice damages as set forth in Neb. Rev. Stat. § 44-2825 is unconstitutional as it violates due process.

WHEREFORE, Plaintiff prays that Neb. Rev. Stat. § 44-2825 be declared unconstitutional and that Plaintiffs receive the full amount of damages they are entitled to without a statutory limit.

## THIRD CAUSE OF ACTION

COME NOW the Plaintiff Chris Anson and for her cause of action against the Defendant alleges and states as follows:

11) As a further direct and proximate result of the negligence of Defendant as aforesaid, Plaintiff Chris Anson has been required to care for her husband full-time with personal hygiene tasks; changing his dressings; lifting and transporting him and aiding Myron Anson in all of his activities of daily living, thereby leaving her unable to work outside of the home.  As a result of Plaintiff Chris Anson has lost wages. Plaintiff Chris Anson has sustained a loss of consortium of her husband, Myron Anson, as a proximate result of the negligence of Defendant.

## **PLACE OF TRIAL**

Plaintiffs request that trial be held in Omaha, Nebraska pursuant to 28 U.S.C. § 1402(b).

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a) For special damages and general damages as set forth above, together with the costs of this action.

b) For other damages that are reasonable in the premises.

DATED this 8th day of May, 2007.

        MYRON "MICHAEL" ANSON and CHRIS ANSON, Plaintiffs,


        By: /s/ Gordon R. Hauptman
           Gordon R. Hauptman, #11745
           HAUPTMAN, O'BRIEN, WOLF,
             & LATHROP, P.C.
           1005 South 107th Avenue, Suite 200
           Omaha, Nebraska 68114
           (402) 390-9000
           ATTORNEYS FOR PLAINTIFFS